IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Respondent/Plaintiff, ) | |
| vs. ) | No. 3:00-CR-0443-D |
| ) | No. 3:03-CV-1232-D |
| JEROME MACK HARDY, ) | |
| ID # 1063665, ) | |
|     Movant/Defendant. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

This is a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to the provisions of 28 U.S.C. § 2255. Movant, an inmate in the federal prison system, filed the instant action to challenge his federal conviction in Cause No. 3:00-CR-0443-D. The respondent is the United States of America (government).

### B. Factual and Procedural History

On November 15, 2000, the government indicted movant for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* Indictment at 1.) Movant proceeded to trial, which commenced on April 16, 2001. (*See* Trial Tr. at 1.) Officer Patrick Boyett testified that he spotted movant coming out of a hotel room carrying a pistol in his hand. (*Id.* at 93-94.) He further testified that after losing sight of movant momentarily, he saw movant standing over

a man laying on the ground. (*Id.* at 94-97.)  He also testified that he subsequently found a pistol tucked into movant's pants upon a search based upon seeing the weapon "just minutes before." (*Id.* at 98.)  Officer Joseph Patterson testified at trial that the firearm found on movant was manufactured outside of Texas. (*Id.* at 118-19.)  Detective Roy R. George testified that he compared the fingerprints of movant with fingerprints related to a prior felony conviction and determined that both sets of fingerprints were from movant. (*Id.* at 120-29.)  The Court took judicial notice that the prior conviction was for "a crime punishable in excess of one year." (*Id.* at 133.)

Against the advice of his attorney, movant testified on his own behalf.  (*See id.* at 135-41.)  In narrative fashion, he testified:

> Good afternoon, jury.  My name is Jerome Hardy.  I'm speaking on behalf that being that I'm trying to go to illegal search and seizure with this case, being that the officer did not have proper grounds to search me, by the way that he explained the case.  That's the only thing I wanted to say about that.  I was kind of confused if I get up here I'm going to mess up.

(*Id.* at 138-39.)  On cross-examination, he testified without objection that he possessed the firearm which was discovered by Officer Boyett and that he had prior felony offenses.  (*Id.* at 139-41.)  The jury thereafter found him guilty of the charged offense.  (*Id.* at 157.)

At sentencing on July 6, 2001, defense counsel explained that movant provided a narrative statement at trial, not because counsel thought movant would commit perjury, but because it was "not the province of the jury to decide whether or not a search is illegal." (*See* Sentencing Tr. 1, 6.)  Counsel also explained that he did not move to suppress the firearm on the basis of an illegal search and seizure because he saw no legal or factual basis for such motion.  (*Id.* at 4.)  Based upon movant's trial testimony, counsel sought a two-level reduction of the offense level for acceptance of responsibility.  (*Id.* at 2-3.)  The Court found "that this is one of those rare cases in which a defendant who

2

has gone to trial is entitled to acceptance of responsibility." (*Id.* at 7.) It reasoned that defense counsel had exercised "professionalism in not wasting this court's time with a baseless motion to suppress" and such "professionalism should be recognized; and therefore, the court does not want to send the message that would tell defense lawyers that they must file what they believe professionally are frivolous motions in order to preserve the possibility of acceptance of responsibility." (*Id.* at 8.) The Court further noted that movant's testimony exhibited a desire to challenge the search, not to deny the essential elements of the offense. (*Id.*) The Court thus sentenced movant to 105 months imprisonment. (*See id.* 12.)

On April 11, 2002, the Fifth Circuit Court of Appeals affirmed movant's conviction and sentence. *See United States v. Hardy*, 35 Fed. App'x 387, 387 (5th Cir.) (per curiam), *cert. denied*, 537 U.S. 900 (2002).

C. <u>Substantive Claims</u>

On June 2, 2003, this Court received the instant motion to vacate filed pursuant to 28 U.S.C. § 2255. (Mot. Vacate at 1.) Movant argues that his attorney provided no assistance during his trial testimony – either by questioning him on direct examination or asserting objections on cross-examination, and that this inaction qualifies as ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). (Mem. Supp. at 17-18). He further asserts that because he lacked the assistance of counsel at a critical stage of his trial, there is a presumption of prejudice as set forth in *United States v. Cronic*, 466 U.S. 648 (1984). (Mem. Supp. at 4-16.) He also argues that his attorney rendered ineffective assistance in other respects at trial and sentencing in violation of *Strickland* when his attorney failed to object to the government's reliance upon his cross-examination testimony during closing statements; request curative jury instructions related to the testimony

3

regarding his prior convictions; object to the jury instruction on impeachment by prior convictions; make an opening statement; properly state in closing statements the government's burden of proof; object to the Court's personal sentencing philosophy; and advocate a sentence of a specific length. (*Id.* at 16-24.)

## II. ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. art. VI. To successfully state a claim of ineffective assistance of trial counsel, movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where a defendant has been actually or constructively denied counsel, the courts presume that he or she has been prejudiced thereby, and no showing of prejudice is required. *United States v. Cronic*, 466 U.S. 648, 659-60 (1984). In view of movant's claim that he was denied counsel in violation of *Cronic*, the Court must first consider whether prejudice is presumed under *Cronic* or whether movant must demonstrate prejudice consistent with *Strickland*.

**A.** *Cronic*

In *Cronic*, the Supreme Court recognized the general rule that to implicate the right to assistance of counsel under the Sixth Amendment of the United States, there must be "some effect" from the "challenged conduct on the reliability of the trial process." 466 U.S. at 658. However, prejudice will be presumed (1) when the accused is denied counsel at a critical stage of trial, *i.e.*, "when counsel was either totally absent, or prevented from assisting the accused during a critical

4

stage of the proceeding" or (2) when counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659-60.[1]

### 1. *Actual Denial of Counsel*

Movant first attempts to invoke *Cronic*'s presumption of prejudice by claiming that he had no assistance of counsel when he testified – a critical stage of his trial. However, more than a lack of assistance is required. Courts presume prejudice only when counsel was totally absent or otherwise prevented from assisting the accused. *Id.* at 659 n.25. The record before the Court clearly reveals that counsel was present during movant's testimony, and although he took no affirmative action at that point in the trial, nothing prevented him from acting. Therefore, movant has shown no actual denial of counsel which entitles him to a presumption of prejudice.

### 2. *Constructive Denial of Counsel*

In *Cronic*, the Supreme Court recognized that a defendant might be constructively denied counsel although an attorney had been appointed to represent him. 466 U.S. at 654 n.11 ("[T]he performance of counsel may be so inadequate" as to constitute no assistance of counsel at all). A defendant is constructively denied counsel when his attorney "entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659. However, in the absence of a showing of "how specific errors of counsel undermined the reliability of the finding of guilt," a Sixth Amendment violation will generally not be found unless there is a constitutional error of such magnitude that "no amount of showing of want of prejudice would cure" the error. *Id.* at 659 & n.26. Indeed,

---

[1] "Ineffectiveness is also presumed when counsel 'actively represented conflicting interests.'" *Id.* at 661 n.28 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). Because movant does not allege that his attorney had a conflict of interest, the Court does not consider whether ineffectiveness is presumed on this basis.

> [c]ircumstances of that magnitude may be present on some occasions when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.

*Id.* at 659-60.

The presumed prejudice standard of *Cronic* is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* at 658. The *Cronic* standard does not apply when defense counsel has merely failed to oppose the prosecution at specific points of the proceedings – it applies only when counsel has *entirely* failed to challenge the prosecution's case. *Bell v. Cone*, 535 U.S. 685, 697 (2002). When counsel provides "some meaningful assistance", the *Cronic* standard is inapplicable. *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986). Movant has the burden to show that he was constructively denied counsel. *See Childress v. Johnson*, 103 F.3d 1221, 1228, 1231-32 (5th Cir. 1997).

In this instance, movant has not carried his burden to show that he was constructively denied counsel. Counsel did not entirely fail to challenge the prosecution's case. The record shows that his attorney subjected the prosecution's case to meaningful adversarial testing. Defense counsel filed pretrial motions and cross-examined government witnesses. At sentencing, moreover, counsel convinced the Court to reduce movant's total offense level by two points. (*See* Sentencing Tr. at 2-7.) Under these facts, counsel clearly provided more than "some meaningful assistance." The *Cronic* standard is thus inapplicable.

**B. *Strickland***

To succeed on his ineffective-assistance claims, movant must show a deficiency of counsel that prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to

6

establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient under the first prong of *Strickland*, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice under the second prong of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Id.* at 695-96. Moreover, movants must "affirmatively prove prejudice." *Id.* at 693. In other words, movants must present "strong proof of prejudice." *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002). Mere speculation and conjecture do not suffice. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). It is under these standards that the Court must consider movant's claims of ineffective assistance of counsel at trial and sentencing.

7

1.   *Alleged Deficiencies at Trial*

Movant asserts several alleged deficiencies of counsel that occurred at trial. Specifically, he claims that his attorney failed to (1) object to cross-examination questions as being outside the scope of his direct testimony; (2) object to cross-examination questions regarding his prior convictions; (3) object to the government's reliance upon his cross-examination testimony during closing statements; (4) request curative jury instructions related to the testimony regarding his prior convictions; (5) object to the jury instruction on impeachment by prior convictions; (6) make an opening statement; and (7) properly state in closing statements the government's burden of proof.

In the context of ineffective assistance at trial, the prejudice component of *Strickland* "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Furthermore, when evidence adduced at trial overwhelmingly establishes guilt, there is generally no reasonable probability that deficiencies at trial affected the verdict. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002); *Creel v. Johnson*, 162 F.3d 385, 396 (5th Cir. 1998).

The Court need not determine whether the attorney rendered deficient representation. Movant has not shown that the alleged deficiencies actually prejudiced his trial. He has not shown that the alleged deficiencies rendered the result of his trial unreliable or fundamentally unfair. In view of the overwhelming evidence of guilt, the Court finds no reasonable probability that the alleged deficiencies at trial affected the verdict. Consequently, the claims of ineffective assistance at trial entitle movant to no relief under 28 U.S.C. § 2255.

### 2.   *Alleged Deficiencies at Sentencing*

Movant also alleges deficient representation at sentencing. He claims that his attorney failed to object to the Court's personal sentencing philosophy and failed to advocate a sentence of a specific length.

In the case of ineffective assistance at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* at 200.

Again, the Court need not determine whether the attorney rendered deficient representation at sentencing. Movant has not shown that the alleged deficiencies actually prejudiced his sentence. He has not shown a reasonable probability that his sentence would have been less harsh had his attorney objected to the Court's sentencing philosophy or advocated a specific length of sentence. Consequently, the claims of ineffective assistance at sentencing entitle movant to no relief under § 2255.

### III.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 22nd day of October, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE